IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Petitioner,

    v.

ROBERT A. LUND,

        Respondent.

O R D E R
Civil No. 11-6237-AA

---

S. Amanda Marshall
United States Attorney
Tim Simmons
Assistant United States Attorney
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401
    Attorneys for petitioner

Robert A. Lund
P.O. Box 151
Albany, Oregon 97321
    Pro se respondent

Page 1 - ORDER

AIKEN, Chief Judge:

This matter arises out of the United States of America's[1] civil investigation into pro se respondent Robert Lund's income tax liability for 2001 through 2008, for which he has not filed federal income tax returns.

Pursuant to this investigation, Revenue Agent Rae Cook ("Agent Cook") served respondent with an IRS administrative summons ("Summons") to produce certain designated records, and to appear in court on May 16, 2011, to provide testimony regarding such records. Respondent, however, failed to appear. As such, on July 27, 2011, petitioner filed a petition to enforce the Summons against respondent. In response to this petition, this Court issued an Order to Show Cause on October 19, 2011; a hearing was set for November 8, 2011.

In between October 19 and November 8, respondent filed two motions: 1) "Motion to Dismiss for Lack of Jurisdiction for want of 'appropriate process'"; and 2) "Motion to Deny Summons Enforcement." At the hearing, this Court denied respondent's motions. See Transcript of Show Cause Hearing ("Transcript") at 32, Nov. 8, 2011. In accordance with respondent's requests, the Court agreed to issue an additional written "follow-up order." Id. at 32. As such, this Court will now briefly address the substantive merits of respondent's motions.

---

[1] As acting though the Internal Revenue Service ("IRS").

I.  <u>Motion to Dismiss for Lack of Jurisdiction</u>

Respondent contends that this Court does not have jurisdiction because petitioner failed to follow the proper procedure in serving the Summons. Specifically, respondent argues that the IRS lacked authority to issue the Summons under 26 U.S.C. § 7608 because Agent Cook is not a "criminal investigator of the Intelligence Division" within the meaning of that statute.

Section 7608 provides the authority for investigating crimes arising under the Internal Revenue laws. <u>See</u> 26 U.S.C. § 7608(b); <u>see also</u> Internal Revenue Manual, Part 9: Criminal Investigations, <u>available at</u> http://www.irs.gov/irm/part9/irm_09-001-002.html (discussing 26 U.S.C. § 7608(b)). As discussed at the hearing, however, Agent Cook's criminal subpoena power pursuant to 26 U.S.C. § 7608 is "absolutely irrelevant" to this case, as petitioner is "not proceeding under that statute." <u>Id.</u> Rather, petitioner instigated a civil investigation; accordingly, petitioner is governed by the civil enforcement provisions. <u>See</u> Transcript at 18, Nov. 18, 2011 ("[t]he government would like to assert this is only a civil investigation. It has nothing to do with a criminal prosecution of referral").

Under those provisions, the IRS is authorized to investigate the potential civil tax liability of any person. 26 U.S.C. § 7601. As such, the IRS can issue an administrative summons for the production of information relevant to determining the tax liability of that person. <u>See</u> 26 U.S.C. §§ 7602(a), (b); <u>see also</u> <u>Crystal v. U.S.</u>, 172 F.3d 1141, 1143 (9th Cir. 1999); <u>Thomas v. U.S.</u>, 1996 WL

679495, *1 (D.Or. Sept. 17), aff'd, 91 F.3d 155 (9th Cir. 1996).

The Secretary may delegate this authority to specific IRS personnel, including revenue agents. See 26 U.S.C. §§ 7701(11), (12) (defining "Secretary," for the purposes of 26 U.S.C. § 7602 as "the Secretary of the Treasury or his delegate"; "delegate", in turn, is defined as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context").

Accordingly, as discussed at the hearing, revenue agents, such as Agent Cook, are authorized to issue and serve civil summonses, as well as to receive and examine the data produced in compliance with those summonses, when delegated that authority. See Transcript at 11, Nov. 8, 2011; see also Oldham v. U.S., 2002 WL 1077311, *5-6 (D.Or. March 21, 2002) (summons issued by revenue agents to taxpayer who failed to file tax returns was valid); Dutson v. Internal Revenue Serv., 2001 WL 1589517, *3-4 (D. Or. Dec. 18, 2001) (third-party summons issued by revenue agents was valid).

The Internal Revenue Code contains no administrative enforcement procedures; therefore, the district court has jurisdiction to enforce administrative summonses. 26 U.S.C. § 7402(b). To obtain such enforcement, the "IRS must show that: 1) the investigation will be conducted for a legitimate purpose; 2) the inquiry will be relevant to such purpose; 3) the information

Page 4 - ORDER

sought is not already within the Commissioner's possession; and 4) the administrative steps required by the Internal Revenue Code have been followed. Lidas, Inc. v. U.S., 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing U.S. v. Powell, 379 U.S. 48, 57-58 (1964)).

An affidavit of the investigating revenue agent, asserting that the Powell requirements have been satisfied, is sufficient to establish a prima facie case. Crystal, 172 F.3d at 1144. Once the IRS fulfills its prima facie case, the burden shifts to the taxpayer to show that the summons was deficient. Id. The taxpayer's burden is a heavy one, as "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." Id. (citations and internal quotations omitted). Accordingly, "courts must enforce administrative subpoenas unless the evidence sought by the subpoena [is] plainly incompetent or irrelevant to any lawful purpose of the agency." EEOC v. Karuk Tribe Hous. Auth., 260 F.3d 1071, 1076 (9th Cir. 2001) (citations and internal quotations omitted); see also U.S. v. Derr, 968 F.2d 943, 945 (9th Cir. 1992) (enforcement of an administrative summons is generally a summary proceeding to which a taxpayer has few defenses).

Here, petitioner filed a petition for enforcement accompanied by the declaration of Agent Cook, who testified that all of the Powell elements had been met. Specifically, Agent Cook stated that: 1) the Summons was issued to prepare a return where none had been filed and to determine tax liability; 2) the information sought by the Summons could assist the IRS in reconstructing

respondent's income and, thus, his correct tax liability; 3) the information sought was not already in the IRS's possession; and 4) all the required administrative steps had been satisfied. See Pet'r's Pet. to Enforce IRS Summons Ex. A, Cook Decl. ¶¶ 2, 3, 12, 13. Therefore, petitioner demonstrated that the appropriate process was followed in issuing the Summons.

As such, at the show cause hearing, respondent was given an opportunity to rebut petitioner's prima facie case. Respondent, without alleging specific facts or evidence, merely asserted that Agent Cook lied in her affidavit about her authority to issue the Summons and that "[s]he operated outside of her authority" because she has not been designated as a criminal investigator under section 7608. Transcript at 10-11, Nov. 8, 2011. Accordingly, all of respondent's arguments related to a provision of the Internal Revenue Code that is not germane to this enforcement action; thus, as this Court stated at the hearing, respondent failed to postulate a legally sufficient challenge or defense. Therefore, respondent's Motion to Dismiss for Lack of Jurisdiction is denied.

II. Motion to Deny Summons Enforcement

Respondent also asserts that this Court should refuse to enforce the Summons because such enforcement would violate his constitutional rights under the Fourth and Fifth Amendments.

A. Fourth Amendment

Respondent argues that the Summons violates his Fourth Amendment right from unreasonable search and seizure by the

government.  A summons, however, is not a per se violation of the Fourth Amendment.  Okla. Press Publishing Co. v. Walling, 327 U.S. 186, 208 (1946).  Moreover, a summons that complies with the Powell requirements satisfies the Fourth Amendment.  Fisher v. U.S., 425 U.S. 391, 401 n.7 (1976).  As discussed above, Agent Cook's declaration satisfied the Powell requirements; therefore, the Summons does not violate respondent's Fourth Amendment rights.

B.  Fifth Amendment

In addition, respondent contends that the Summons violates his Fifth Amendment right to be free from self-incrimination.  The Fifth Amendment protects a person from "compelled . . . Testimonial Communication that is incriminating."  Id. at 408.  The privilege, however, only protects "against real dangers, not remote and speculative possibilities"; as such, the applicability of the Fifth Amendment is contingent upon a clear showing, by the person invoking the privilege, of a real and substantial danger of self-incrimination by the information sought.  Zicarelli v. N.J. State Comm'n, 406 U.S. 472, 478 (1972); see also Edwards v. Comm'r, 680 F.2d 1268, 1270 (9th Cir. 1982); U.S. v. Brown, 918 F.2d 82, 84 (9th Cir. 1990).  The court is the "final arbiter" in determining whether the Fifth Amendment is implicated.  Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

Regardless, a taxpayer's mere assertion of the right based on a belief that the testimony may be incriminatory is insufficient.  Hoffman v. U.S., 341 U.S. 479, 486 (1951); see also Fisher, 425 U.S. at 410; Davis, 650 F.2d at 1160; U.S. v. Meeks, 719 F.2d 809,

Page 7 - ORDER

812 (5th Cir. 1983). More importantly, "the fifth amendment privilege may not itself be used as a method of evading payment of lawful taxes." Edwards, 680 F.2d at 1270 (citing U.S. v. Carlson, 617 F.2d 518, 523 (9th Cir.), cert. denied, 449 U.S. 1010 (1980)).

Here, respondent asserts that, because there is potential for a criminal charge, he cannot be compelled to disclose the information sought. See Transcript at 26, Nov. 8, 2011. As discussed above, however, petitioner stated at the hearing that "this is not a criminal investigation . . . it's solely just a civil investigation." Id. at 26-27. Therefore, without more, respondent is unable to establish that there is a real and substantial danger of self-incrimination. Further, respondent does not dispute that he neglected to pay lawfully owed taxes. Id. at 9. As such, respondent is unable to articulate a proper basis for asserting the Fifth Amendment as a defense.

Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction (doc. 5) and Motions to Deny Summons Enforcement (doc. 6 and 9) are DENIED.

IT IS SO ORDERED.

Dated this 14 of December 2011.

_____
Ann Aiken
United States District Judge