IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Civil No. 11-6237-AA
                                             OPINION AND ORDER
        Petitioner,

    v.

ROBERT A. LUND,

        Respondent.
_____

S. Amanda Marshall
United States Attorney
Tim Simmons
Assistant United States Attorney
405 E. 8th Avenue, Suite 2400
Eugene, Oregon 97401
    Attorneys for petitioner

Robert A. Lund
P.O. Box 151
Albany, Oregon 97321
    Pro se respondent

AIKEN, Chief Judge:

Pro se respondent Robert Lund filed two motions to dismiss for lack of jurisdiction. For the reasons set forth below, respondent's motions are denied.

## BACKGROUND

This matter arises out of petitioner the United States of America's[1] civil investigation into respondent's income tax liability for 2001 through 2008, for which he has not filed federal income tax returns.

Pursuant to this investigation, Revenue Agent Rae Cook ("Agent Cook") served respondent with an IRS administrative summons ("Summons") to produce certain designated records, and to appear in court on May 16, 2011, to provide testimony regarding such records. Respondent, however, failed to appear. As such, on July 27, 2011, petitioner filed a petition to enforce the Summons against respondent. In response to this petition, this Court issued an Order to Show Cause on October 19, 2011; a hearing was held on November 8, 2011.

Prior to the hearing, respondent filed a "Motion to Dismiss for Lack of Jurisdiction For Want of 'appropriate process'" ("first motion to dismiss") and a "Motion to Deny Summons Enforcement." At the hearing, this Court denied respondent's motions. See Transcript of Show Cause Hearing ("Transcript") at 32, Nov. 8, 2011 (doc. 20); see also Order on Motions to Dismiss ("Order") at 8, December 14, 2011 (doc. 22).

---

[1] As acting though the Internal Revenue Service ("IRS").

Page 2 - OPINION AND ORDER

After the hearing, respondent filed the following additional motions: 1) "Motion to Dismiss For Lack of Jurisdiction For Want of 'appropriate process' of the district court" ("second motion to dismiss"); 2) "Motion to Dismiss For Lack of Jurisdiction For Want of 'appropriate process' Because of the ex parte Conduct" ("third motion to dismiss"); 3) "Objection and Memorandum at Law"[2]; 4) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in Flint v. Stone Tracy Co."; 5) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in Stanton v. Baltic Mining Co."; 6) "Motion to Take Judicial Notice of Law in the Decision of the Supreme Court of the United States in Brushaber v. Union Pacific R. Co."; and 7) "Objection to Assumption of Facts Not in Evidence and Motion to Take Judicial Notice of Law in the Federal Statutes of Title 26 Establishing the Enforceable Liability for Payment of Tax." Petitioner filed a response only in regard to respondent's third motion to dismiss.

---

[2] Respondent filed an objection to this Court's use of the Powell factors in assessing whether petitioner had engaged in the appropriate process. See U.S. v. Powell, 379 U.S. 48, 57-58 (1964) (outlining requirements for administrative summons enforcement). As such, the Court construes respondent's objection as a motion for reconsideration of his first motion to dismiss and "Motion to Deny Summons Enforcement."

Page 3 - OPINION AND ORDER

## DISCUSSION

Respondent contends that this Court committed a plethora of allegedly improper actions, each of which divests it of jurisdiction.

I.  Preliminary Matter

To support his arguments in favor of dismissal, respondent requests that this Court take judicial notice of: Flint v. Stone Tracy Co., 220 U.S. 107 (1911); Brushaber v. Union Pacific R.R. Co., 240 U.S. 1 (1916); Stanton v. Baltic Mining Co., 240 U.S. 103 (1916); and 26 U.S.C. §§ 1441, 1442, 1443, 1461, 7701.

Judicial notice may be taken at any stage in the proceedings. Fed. R. Evid. 201(f).  A judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

The relevant facts in this case are largely undisputed. Moreover, all of the documents that respondent seeks judicial notice of are statutes or case law, which are already part of the public record, and are therefore capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Accordingly, these documents are capable of judicial notice.  The Court, however, is not bound by respondent's interpretation of the law.  See Rodriguez v. Holder Jr., 619 F.3d 1077, 1079 (9th Cir. 2010) (per curiam).

Further, the Court notes that the law cited to by respondent is mostly irrelevant to this dispute; to the extent that Brushaber and Stanton are relevant, they are antithetical to respondent's position.    See  Brushaber, 240  U.S.  at  25  (upholding  the constitutionality of the federal income tax under the Revenue Act of 1913, which was enacted pursuant to Article I, section 8, clause 1  of,  and  the  Sixteenth  Amendment  to,  the  United  States Constitution); Stanton, 240 U.S. at 112-3 (same); see also Martin v. Comm'r, 756 F.2d 38, 40 (6th Cir. 1985) (discussing Brushaber and holding that the federal income tax applies to individual wage earners). Regardless, respondent's motions for judicial notice are granted.

## II.   Second Motion to Dismiss for Lack of Jurisdiction

Respondent asserts that this Court lacks jurisdiction because: 1) petitioner failed to follow the proper procedure in issuing the Summons; 2) Magistrate Judges do not have the power to enforce an administrative summons; 3) a written report was never issued in regard to his first motion to dismiss and "Motion to Deny Summons Enforcement"; and 4) the Court "failed to demonstrate the required impartiality" by "preventing the Respondent from asking certain and specific revealing questions of the Revenue Agent."    Resp't's Second Mot. Dism. 2-4, 9. As such, respondent's second motion to dismiss is, in part, a reiteration of his first motion to dismiss.

As explained at the hearing and restated in the Order, this Court has jurisdiction to enforce administrative summonses.    26 U.S.C. § 7402(b); 26 U.S.C. § 7604(a). To obtain such enforcement,

Page 5 - OPINION AND ORDER

the "IRS must show that: 1) the investigation will be conducted for a legitimate purpose; 2) the inquiry will be relevant to such purpose; 3) the information sought is not already within the Commissioner's possession; and 4) the administrative steps required by the Internal Revenue Code ("IRC") have been followed. Lidas, Inc. v. U.S., 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing Powell, 379 U.S. at 57-8).

Here, petitioner filed a petition for enforcement accompanied by the declaration of Agent Cook, who testified that all of the Powell elements had been met. See Pet'r's Pet. To Enforce IRS Summons Ex. A ("Cook Decl."), ¶¶ 2-3, 12-3. Therefore, petitioner demonstrated that the appropriate process was followed in issuing the Summons. Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999) (affidavit of the investigating revenue agent, asserting that the Powell requirements have been satisfied, is sufficient to establish a prima facie case). Respondent was then given an opportunity to rebut petitioner's prima facie case; respondent, however, was unable overcome this "heavy burden." Id. Accordingly, respondent's first motion to dismiss was denied. See Order at 5-6.

Respondent has introduced no new facts which relate to petitioner's allegedly fallacious process. As such, to the extent that respondent is merely challenging again Agent Cook's issuance of the Summons, his second motion to dismiss fails.

While unclear, the remainder of plaintiff's motion appears to be based on three premises: that a written Order addressing his

Page 6 - OPINION AND ORDER

pre-hearing motions was never issued; the involvement of a Magistrate Judge renders the summons enforcement proceedings invalid; and the Court is not impartial because it limited respondent's direct examination of Agent Cook at the hearing.

As a preliminary matter, it should be noted that none of these matters bear on this Court's jurisdiction. Regardless, respondent's assertions are without merit. First, this Court did, in fact, issue a written Order addressing respondent's motions. See generally Order. Second, the authority of a Magistrate Judge is immaterial to these proceedings, as I was appointed under Article III of the Constitution and, accordingly, am not a Magistrate.

Third, the fact that respondent was prevented from asking certain questions of Agent Cook has no bearing on this Court's impartiality. As explained at the hearing, the questions that respondent sought to ask related to whether Agent Cook was delegated with the proper authority to issue the Summons, which is a legal determination and, as such, "has nothing to do with any factual basis on which her testimony would give additional information." Transcript at 14. Thus, it was unnecessary for the Court to hear testimony from Agent Cook in order to determine whether the Summons was enforceable, as she had already stipulated to the relevant facts under penalty of perjury in her declaration. See Cook Decl. ¶¶ 2-3, 12-3. Therefore, respondent's second motion to dismiss is denied.

Page 7 - OPINION AND ORDER

III.  Third Motion to Dismiss for Lack of Jurisdiction

Respondent's third motion to dismiss is supported by a memorandum totaling 111 pages.  Because respondent did not seek prior approval to file an extended brief, the Court was only required to examine the first 35 pages of his memorandum.  See LR 7-2(b).  Regardless, because respondent is proceeding pro se, and because petitioner did not object to respondent's extended filing, the Court considered the entire brief.

In his third motion to dismiss, respondent contends that this Court lacks jurisdiction because it failed to follow the appropriate process in enforcing the Summons.  Further, respondent argues that this Court lacks jurisdiction due to an ex parte communication.  In addition, respondent asserts numerous arguments as to why he is not required to pay federal income taxes.

A.  Appropriate Process

To the extent that respondent is once again reprising those arguments already raised in his previous motions, his third motion to dismiss is denied.  Furthermore, the Court will not consider any further motions or objections challenging matters that it has previously addressed and ruled upon.

B.  Ex Parte Communication

Respondent argues that this Court does not have jurisdiction because improper ex parte communication occurred when he did not receive a copy of petitioner's opposition (the "Opposition") to his first motion to dismiss and "Motion to Deny Summons Enforcement."

On November 2, 2011, a copy of the Opposition was mailed to

Page 8 - OPINION AND ORDER

respondent's last known address pursuant to Fed. R. Civ. P. 5(b)(2)(C). <u>See</u> Pet'r's Resp. to Third Mot. Dism. Ex. 1. On November 30, 2011, the mailed copy was returned as "unclaimed." <u>Id.</u> Accordingly, a second copy was mailed to respondent on December 2, 2011. <u>See</u> Pet'r's Resp. to Third Mot. Dism. Ex. 2. Petitioner has received no indication that the December 2 letter was not properly received.

As such, petitioner effectuated service on November 2. <u>See</u> Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"). Thus, the fact that respondent did not receive a copy of the Opposition prior to the November 8, 2011 hearing is irrelevant, especially since this failure was due to his choice to refuse acceptance. Further, respondent eventually received a copy of the Opposition. In addition, respondent was present at the November 8 hearing and was provided a full opportunity to address petitioner's arguments before the Court. Therefore, contrary to respondent's assertions, the record reveals that petitioner has not been communicating with the Court outside of respondent's presence and without notice. As such, respondent's motion is denied to the extent that it is based on <u>ex parte</u> communication.

C. <u>Federal Income Tax</u>

The remainder of respondent's memorandum is an indictment of the federal income tax system. While difficult to decipher, respondent seems to be arguing that the IRC does not explicitly

provide for the taxation of personal "wages," only income[3].   As
such, respondent appears to be contending that United States
citizens, as residents of the states, are "not within the
constitutional federal jurisdiction, territorial or otherwise" and,
accordingly, "are not legitimate taxable subjects of the federal
government."   Resp't's Memo. in Supp. of Third Mot. Dism. 19-20,
41-3, 62-6, 81.

Respondent's contentions misconstrue the law.   The Sixteenth
Amendment, as codified in the IRC, authorizes a direct
non-apportioned income tax on resident United States citizens.
See Wilcox v. Comm'r, 848 F.2d 1007, 1008 n. 3 (9th Cir. 1988); 26
U.S.C. 1(a); United States v. Nelson (In re Becraft), 885 F.2d 547,
548 (9th Cir. 1989) ("the Supreme Court and the lower federal
courts have both implicitly and explicitly recognized the Sixteenth
Amendment's authorization of ... [an] income tax on United States
citizens residing in the United States and thus the validity of the
federal income tax laws as applied to such citizens").

Thus, every individual person who is a citizen of the United
States must pay a federal tax on "all income from whatever source
derived" and file an income tax return, where that income exceeds
certain minimal levels.   See 26 U.S.C. § 6012(a)(1); 26 U.S.C. §

---

[3] Respondent defines "income" as earnings "derived from the
constitutional federal territorial and subject matter
jurisdictions," which only includes "earnings of the
corporations, the foreign persons in the United States, 'income'
from the U.S. territories . . . and [those] activities
specifically made subject to indirect taxation under Article I, §
8, cl. 1 of the U.S. Constitution."   Resp't's Memo. in Supp. of
Third Mot. Dism. 62-4.

61; 26 U.S.C. § 1.  Personal wages are encompassed by the IRC's broad definition of income.  See 26 U.S.C. § 61; see also Wilcox, 848 F.2d at 1008 ("wages are income," citing Carter v. Comm'r, 784 F.2d 1006, 1009 (9th Cir. 1986)).  Further, the federal income tax system is not voluntary.  Id.  Rather, each taxpayer who is required to file a return must pay the income tax owed on or before the date the return is due, without assessment, notice, or demand. 26 U.S.C. § 6151.

As such, arguments that "persons" or "wages" are not subject to federal income taxation have consistently been rejected as "frivolous."  See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986); United States v. Jensen, 690 F.Supp.2d 901, 914 (D.Alaska 2010); Gomez v. United States, 2003 WL 21148901, *1 (9th Cir. May 15, 2003).  In fact, this area of law is so well settled that pro se litigants have been sanctioned for raising identical arguments on appeal.  Nelson, 885 F.2d at 548-9; see also Studley, 783 F.2d at 937 n. 3 (9th Cir. 1986) ("advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them").  Therefore, respondent's arguments are similarly rejected; accordingly, respondent's third motion to dismiss is denied.

IV.  Motion to Reconsider

Respondent objects to the application of the Powell factors in determining whether the Summons was enforceable.  Specifically, respondent asserts that the application of Powell was improper

Page 11 - OPINION AND ORDER

because "Powell was a case about the compelled production of the
books and records of a corporation . . . [rather than] an
individual citizen, as in the instant matter." Resp't's Objection
2.   I disagree and note that there is no dispute that the Powell
factors govern even where, as here, the taxpayer is an individual.
See Crystal, 172 F.3d at 1144-5.   As such, respondent's motion for
reconsideration is denied.

**CONCLUSION**

Respondent's motions for judicial notice (docs. 26-29) are
GRANTED.   Respondent's "Motion to Dismiss For Lack of Jurisdiction
For Want of 'appropriate process' of the district court" (doc. 15)
and "Motion to Dismiss For Lack of Jurisdiction For Want of
'appropriate process' Because of the ex parte Conduct" (doc. 25)
are DENIED.   Furthermore, respondent's motion for reconsideration
(doc. 21) is DENIED.

Accordingly, respondent is ordered to appear on April 25, 2012
at 9:30am in Courtroom 2 at the United States Courthouse in Eugene,
Oregon.   At that time, respondent is ordered to show cause as to
why he should not be compelled to obey the IRS Summons served on
him April 26, 2011.

IT IS SO ORDERED.
Dated this ___8th___ of February 2012.


_____
                            Ann Aiken
                United States District Judge

Page 12 - OPINION AND ORDER